O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPHINA LESLEY, ) | Case No. CV 15-01696 DDP (DTBx) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| ) | **MOTIONS TO DISMISS** |
| v. ) | |
| ) | [Dkt. Nos. 7, 10] |
| BANK OF AMERICA, N.A., et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Presently before the Court are Defendants' Motions to Dismiss (Dkt. Nos. 7, 10). After considering the parties' submissions, the Court adopts the following order.

**I.   BACKGROUND**

Plaintiff Triphina Lesley owns a home in California with a mortgage originally financed by Countrywide Bank, FSB. (Notice of Removal Ex. 1 ("Compl.") ¶ 16.) Countrywide merged into Defendant Bank of America, N.A. ("BANA"), which was identified as Plaintiff's lender on the Corrective Assignment of Deed of Trust in 2014. (See id. Ex. B to Compl.; Def. BANA Mot. Dismiss at 2 & n.1.) BANA transferred the servicing of Plaintiff's loan to Defendant Fay

1  Servicing LLC ("Fay") in 2015.  (Def. BANA Mot. Dismiss at 2 &
2  n.2.)
3      Plaintiff and Defendant BANA's predecessor in interest entered
4  into a Permanent Loan Modification Agreement on June 29, 2011, but
5  Plaintiff stopped making payments on the loan in November 2011.
6  (See Compl. ¶ 20.)  Plaintiff alleges that she fully performed
7  under the Agreement with "four continuous payments" but that the
8  bank "denied acceptance of payment and continued to proceed forward
9  with non-judicial foreclosure."  (Id.)
10     Notably missing from Plaintiff's complaint is that she filed
11 for bankruptcy shortly after she stopped making payments;
12 Defendants allege Plaintiff filed on May 15, 2015.  (See Compl.;
13 Def. BANA Mot. Dismiss at 3; Def. Fay Mot. Dismiss at 4.)  Neither
14 of Plaintiff's Oppositions dispute Plaintiff filed for bankruptcy.
15 (See Pl. Opp'n to BANA at 7-9; Pl. Opp'n to Fay at 7-9.)
16     Plaintiff alleges that around February 2015, Defendant BANA
17 recorded a Notice of Default and Election to Sell Under Deed of
18 Trust.  (Compl. ¶ 18.)  In May 2015, a Notice of Trustee Sale was
19 recorded with a date of sale of June 1, 2015.  (Compl. ¶ 19.)
20     Plaintiff filed suit against Defendant BANA in California
21 state court on May 27, 2015.  Plaintiff added Defendant Fay on July
22 24, 2015.  Defendant Fay removed the case to this court on August
23 21, 2015, on the basis of diversity jurisdiction.  To date,
24 ///
25 ///
26 ///
27 ///
28 ///

2

Plaintiff has not filed a motion to remand.[1]  Defendants have now filed Motions to Dismiss.

**II.   LEGAL STANDARD**

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether or not it contains a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

---

[1] In Plaintiff's Oppositions, she mentions that she filed a Motion to Remand.  (Pl. Opp'n to BANA at 1-3; Pl. Opp'n to Fay at 1-3.)  However, no such motion is on the docket.  (See also Def. Fay Reply at 2 (noting that Plaintiff has not filed a Motion to Remand).)

3

1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

    **A.   Judicial Estoppel**

Plaintiff alleges seven causes of action, but almost all arise out of her 2011 loan modification. Defendants argue that Plaintiff is judicially estopped from making these claims because she failed to raise them or list them as assets in her bankruptcy proceeding. (Def. BANA Mot. Dismiss at 5-7; Def. Fay Mot. Dismiss at 3-5.) Plaintiff argues that she is not judicially estopped from making these claims because "[t]he bankruptcy petition filed by the Plaintiff was filed in good faith, as Plaintiff claimed Defendant as a creditor in each action." (Pl. Opp'n to BANA at 7; Pl. Opp'n to Fay at 7.)

A debtor in bankruptcy is required to declare any pending or known potential claims as a potential asset on bankruptcy schedules. See Hay v. First Interstate Bank of Kalispell, N.A.,

4

978 F.2d 555, 557 (9th Cir. 1992). If the debtor fails to do so and obtains a discharge from the bankruptcy court, then judicial estoppel will bar future litigation. See Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013). "The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim *does* exist." Id. However, judicial estoppel does not automatically apply, and the Supreme Court has indicated that judicial estoppel is not appropriate where "a party's prior position was based on inadvertence or mistake." New Hampshire v. Maine, 532 U.S. 742, 753 (2001).

In Ah Quin, the Ninth Circuit explained that this exception to judicial estoppel is not necessarily so "narrow" such that a court only looks to whether the debtor knew of the claim and had a motive to conceal the claim, such as "keeping any potential proceeds from creditors." Ah Quin, 733 F.3d at 271-72. Instead, a narrow understanding of "inadvertence or mistake" is appropriate "[w]hen a plaintiff-debtor has *not* reopened bankruptcy proceedings" and filed amended bankruptcy schedules listing the claim as an asset. Id. at 272-73. In that situation, judicial estoppel is plainly fair to apply "given the strong need for full disclosure in bankruptcy proceedings and the fact that the plaintiff-debtor received an unfair advantage in the bankruptcy court." Id. (citing Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001)). If the plaintiff-debtor does reopen and amend bankruptcy proceedings, then "rather than applying a *presumption* of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing

5

was, in fact, inadvertent or mistaken, as those terms are commonly understood." Id. at 273.

Here, Plaintiff alleges that her bankruptcy was filed in good faith with Defendant claimed as a creditor. However, the filing of a bankruptcy petition in good faith does not prevent the application of judicial estoppel. In her 2012 bankruptcy, Plaintiff failed to disclose the claims that arose out of her 2011 loan modification agreement, those claims being known to her at the time. Plaintiff did not and has not reopened her bankruptcy proceedings and amended the schedules to include these claims. Plaintiff received the benefit of her prior statement in bankruptcy court that no such claims existed by having her bankruptcy discharged. Plaintiff has offered no facts to demonstrate why this failure to disclose was inadvertent or a mistake, or why she did not reopen bankruptcy proceedings. Therefore, Plaintiff's claims here that arose before her bankruptcy discharge are barred by judicial estoppel. This includes her breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, and anticipatory relief causes of action, as well as the declaratory relief and unfair business practice claims in so far as they rely on these contract-related claims.

**B.  Homeowner Bill of Rights Claims**

Plaintiff also alleges claims under California's Homeowner Bill of Rights ("HBOR"). Plaintiff alleges that Defendants violated section 2923.6, which forbids lenders from pursuing foreclosure while considering a loan modification ("dual tracking"), and section 2923.7, which requires lenders to provide a

6

single point of contact to a borrower who requested a foreclosure prevention alternative. See Cal. Civ. Code §§ 2923.6, 2923.7.

Defendants argue variously that the HBOR claims are preempted by the federal Home Owner's Loan Act ("HOLA"), that HOLA applies to successors in interest to federal savings banks, that BANA did modify Plaintiff's loan once and she defaulted on that modification, and that there was a team as Plaintiff's single point of contact. (See Def. BANA Mot. Dismiss at 15-16; Def. Fay Mot. Dismiss at 11-16.)

Plaintiff argues that she did not plead any default of a first loan modification agreement — quite the contrary, in fact, as she alleges Defendant(s) violated the agreement — and that Defendants did not provide a single point of contact. (Pl. Opp'n to BANA at 13-15; Pl. Opp'n to Fay at 15-17.) In her Complaint, Plaintiff states in her fourth cause of action that she was shuffled from one representative to another at BANA regarding her loan modification and in her fifth cause of action, Plaintiff states, "Despite Plaintiff's request for assistance with an alternative to foreclosure prevention, Plaintiff was not provided with the name or information of their 'Case manager' after January 1, 2013 and to this date." (Compl. ¶¶ 57, 65.)

Under section 2923.6(c)(3), if a borrower defaults under a first loan modification, then the lender can proceed with foreclosure. Cal. Civ. Code § 2923.6(c)(3). The single point of contact requirement only applies when a borrower requests a foreclosure prevention alternative and the contact remains "until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted

7

or the borrower's account becomes current." Cal. Civ. Code § 2923.7(a), (c).

Here, it is unclear what modification — if any — Plaintiff sought after the 2011 modification agreement. The Complaint does not refer to a second request for a loan modification after the 2011 agreement and 2012 bankruptcy. Plaintiff has also not pled that she made any payments on the loan after November 2011 or after her 2012 bankruptcy. Therefore, the Court cannot find a reason to allow these HBOR claims to go forward as presently pled because there does not appear to be grounds for disallowing foreclosure under section 2923.6 or for a foreclosure alternative request in 2013 that would require a single point of contact under section 2923.7. The declaratory relief and unfair business practices causes of action are also dismissed on this ground in so far as they rely upon these causes of action. Because the Court finds the pleading facially insufficient, the Court declines to examine the preemption question presented by the Defendants.

## IV. CONCLUSION

For all the reasons stated above, the Court GRANTS Defendants' Motions to Dismiss without prejudice. Because this is Plaintiff's first complaint, the Court GRANTS Plaintiff leave to amend the complaint if there are facts that support these causes of action. A First Amended Complaint shall be filed within fourteen days of the date of this order. Failure to do so may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: October 5, 2015

DEAN D. PREGERSON
United States District Judge

8