O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRIPHINA LESLEY, | ) | Case No. EDCV 15-01696 DDP (DTBx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | [Dkt. Nos. 23, 25] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court are Defendants Bank of America, N.A.'s ("BANA") and Fay Servicing, LLC's ("Fay") two Motions to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. Nos. 23, 25.) After considering the parties' submissions, the Court adopts the following Order.

**I.   BACKGROUND**

This Court's previous Order detailed the basic facts of this case. (See Dkt. No. 21.) Plaintiff is a homeowner facing foreclosure after defaulting in 2012 on her loans now owned by BANA. (See FAC ¶¶ 19-20.) This 2012 default comes after Plaintiff's previous defaults, loan modification, and bankruptcy in

2011 and 2012. (See Dkt. No. 21.) Plaintiff alleges that after her 2012 bankruptcy, she applied again for a loan modification in 2013 due to a material change in her financial situation. (FAC ¶ 25-26.) She alleges that "for months on end, Plaintiff contacted BANA and struggled to find a single point of contact that would convey important information in regard to any and all alternatives to foreclosure." (Id. ¶ 20.)

Plaintiff's FAC alleges four causes of action: violation of California Civil Code sections 2923.6 and 2923.7; declaratory relief under California Civil Code section 2924.12; and unfair business practices under California Business and Professions Code section 17200 et seq. Both Defendants move to dismiss.[1]

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether or not it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

---

[1] Defendant The Wolf Law Firm filed a declaration of nonmonetary status in the California state court and is essentially a nonparty to the action. (See Notice of Removal.)

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63.

A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

    **A.  Fay Servicing**

The Court finds that Plaintiff has failed to allege any properly pled facts against Fay Servicing whatsoever in Plaintiff's FAC. Defendants allege that Fay is the servicer of Plaintiff's loans since about July 31, 2015. (See Def. BANA Mot. Dismiss at 2 n.2.) Plaintiff is unclear if she is even alleging that Fay is her loan servicer, stating in her FAC, "BANA attempted to be the

servicer of the Loan, and continues to be the servicer of the Loan to the present day." (FAC ¶ 18.) Either way, there are no allegations against Fay in the FAC. Therefore, Fay Servicing's Motion to Dismiss is granted with prejudice.

**B.     Plaintiff's Homeowner Bill of Rights Claims against BANA**

Plaintiff has two causes of action against BANA based on violations of California Civil Code sections 2923.6 and 2923.7. The former claim is that BANA failed to consider and provide a written decision on Plaintiff's second application for a loan modification based on Plaintiff's materially changed financial situation. The latter deals with Plaintiff's claim that BANA lacked a single point of contact to deal with Plaintiff's second application.

**1.     Dual Tracking Under Section 2923.6**

California Civil Code section 2923.6 prohibits mortgage servicers from "dual tracking," or considering loan modification applications while pursuing foreclosure. Here, Plaintiff received a first loan modification in June 2011, but she defaulted on those payments by November 2011. (See Order, dkt. no. 21.) Thus, under the statute, Plaintiff is not guaranteed a review of later loan modification applications without foreclosure pursual. See Cal. Civ. Code § 2923.6(c)(3), (g). Subsection (g) of the statute states that

> the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's

4

>    previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Id. § 2923.6(g).  Therefore, absent some showing of material change in Plaintiff's financial circumstances since the previous application, Plaintiff does not have a cause of action under this section.

Plaintiff alleges in her FAC that in late 2012, Plaintiff again defaulted on her loan payments and tried to modify her loans to avoid foreclosure.  (FAC ¶¶ 20, 26.)  Some time after January 1, 2013, "Plaintiff submitted a complete loan modification application to BANA."  Id. ¶ 20.  Plaintiff claims that she had a material change in her financial circumstances because of her bankruptcy in 2012, which discharged much of her debt.  (Id. ¶ 26; see also Pl. Opp'n at 5-6.)  Plaintiff alleges that despite providing this completed loan application to BANA "[a]fter January 1, 2013," BANA has not made a written determination on Plaintiff's eligibility.  (FAC ¶ 26.)

However, what is missing in Plaintiff's FAC is an allegation that this bankruptcy actually caused a financial change, an explanation of what that change is, and (most importantly) that this change was documented and sent to BANA with Plaintiff's completed loan application.  See Gilmore v. Wells Fargo Bank N.A., 75 F. Supp. 3d 1255, 1263-65 (N.D. Cal. 2014) (finding that a plaintiff's allegation of "a specific increase in his income to $5,400 per month and a specific decrease in his expenses by $1,000 per month" and allegation that "he submitted documentation of this change in the application given to the Wells Fargo representative, who told him the application was complete" was sufficient to state

5

a claim); see also Rosenfeld v. Nationstar Mortg., LLC, No. 2:13-cv-04830-CAS, 2014 WL 457920 (C.D. Cal. Feb. 3, 2014) (plaintiff alleged a letter was sent detailing the elimination of credit card debt); Vasquez v. Bank of Am. N.A., No. 13-cv-02902-JST, 2013 WL 6001924 (N.D. Cal. Nov. 12, 2013) (plaintiff alleged that documentation of increased income was provided to bank).

Here, there is no indication of what kind of documentation was provided to BANA. The exact date of the loan application is not even provided, which would be needed to judge whether the notice of default and beginning of the foreclosure process took place after BANA received a complete loan modification application. (See FAC ¶ 20 ("Finally, in or about 2013, after reviewing HAMP and inquiring about foreclosure prevention alternatives by conducting her own research, Plaintiff submitted a complete loan modification to BANA."); ¶ 26 ("After January 1, 2013, Plaintiff requested that [s]he be reviewed for a loan modification when she submitted a complete loan modification agreement.").)

While only a short and plain statement of the claim, including the necessary facts, is needed under Federal Rule of Civil Procedure 8, some statement of those necessary facts are required for this Court to determine that Plaintiff has stated a claim upon which relief can be granted. Plaintiff has still failed to provide these facts and so Defendant BANA's Motion to Dismiss this claim is granted. Because Plaintiff may be able to plead these necessary facts, leave to amend will be granted.

**2.  Single Point of Contact Under Section 2923.7**

California Civil Code section 2923.7 requires a mortgage servicer to provide "a single point of contact" to a borrower

6

1  seeking a foreclosure alternative.  Cal. Civ. Code § 2923.7(a).
2  The statute defines a "single point of contact" as "an individual
3  or team of personnel each of whom has the ability and authority to
4  perform the responsibilities described in subdivisions (b) to (d),
5  inclusive."  Id. § 2923.7(e).

6       Here, Plaintiff alleges in her FAC that she was "not provided
7  with the name or information of their 'Case manager' after January
8  1, 2013 and to this date" after seeking an alternative to
9  foreclosure.  (FAC ¶ 30.)  When Plaintiff contacted BANA about
10 modifying her loan or some other means of avoiding foreclosure
11 after defaulting "[i]n or about late 2012," Plaintiff "for months
12 on end . . . struggled to find a single point of contact that would
13 convey important information in regard to any and all alternatives
14 to foreclosure."  (Id. ¶ 31.)  Considering the statutory
15 requirements for the single point of contact, Plaintiff alleges
16 that she never received a single point of contact that

17       (1) Communicated the process by which a borrower may apply
         for an available foreclosure prevention alternative and the
18       deadline for any required submissions to be considered for
         these options; (2) Coordinated receipt of all documents
19       associated with available foreclosure prevention
         alternatives and notifying the borrower of any missing
20       documents necessary to complete the application; (3) Had
         access to current information and personnel sufficient to
21       timely, accurately, and adequately inform the borrower of
         the current status of the foreclosure prevention
22       alternative; (4) Ensured that a borrower is considered for
         all foreclosure prevention alternatives offered by, or
23       through, the mortgage servicer, if any; (5) Had access to
         individuals with the ability and authority to stop
24       foreclosure proceedings when necessary.

25 (Id. (listing verbatim the requirements of the single point of
26 contact from Cal. Civ. Code § 2923.7(b)(1)-(5)).)

27      Defendant BANA argues that these allegations are not
28 sufficient to state a claim, and that Plaintiff's own allegations

7

1  prove that she did have a compliant point of contact.  (Def. BANA
2  Mot. Dismiss at 7.)  Defendant argues that there is no requirement
3  to have a "case manager" and that Plaintiff's pleading demonstrates
4  that she was in contact with BANA regarding foreclosure
5  alternatives, submitted documents for a loan modification, and was
6  provided a loan modification review, as the statute requires.
7  (Id.)  Further, BANA argues points out that any allegations based
8  on pre-January 1, 2013, actions do not fall under the Homeowners
9  Bill of Rights because the statute does not apply retroactively.
10 (Def. BANA Reply at 4-5.)
11      Defendant is right that no actions before January 1, 2013,
12 matter for this cause of action, and that there is no statutory
13 requirement for a case manager.  However, Plaintiff has otherwise
14 stated a cause of action under this statutory section because she
15 alleges that after January 1, 2013, she still did not receive a
16 single point of contact that fulfilled the statutory requirements.
17 Taking the well-pled facts in the FAC as true, as must be done at
18 this stage, Plaintiff has stated claim for relief.  See Penermon v.
19 Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 999-1000 (N.D. Cal.
20 2014) (finding similarly pled facts sufficiently stated a claim).
21      **C.   Declaratory Relief and Unfair Competition Law**
22      Plaintiff also has claims for relief under California Civil
23 Code section 2924.12 for declaratory relief and under California's
24 Unfair Competition Law ("UCL") in California Business and
25 Professions Code section 17200 et seq.  (See FAC.)  Both of these
26 claims rely on the existence of an underlying violation of section
27 2923.6 or section 2923.7.  (See Order, dkt. no. 21.)
28

Because this Court determines that Plaintiff has stated a cause of action under section 2923.7, the declaratory relief and UCL causes of action can go forward to the extent they rely upon that cause of action. In so far as they rely upon section 2923.6, they are dismissed with leave to amend.

## IV. CONCLUSION

For all the reasons stated above, the Court GRANTS Defendant Fay's Motion to Dismiss with prejudice, and the Court GRANTS in part and DENIES in part Defendant BANA's Motion to Dismiss without prejudice.

Defendant BANA's Motion to Dismiss is GRANTED without prejudice as to Plaintiff's claims based on California Civil Code section 2923.6. Plaintiff is granted leave to amend within fourteen days of the issuance of this Order.

Defendant BANA's Motion to Dismiss is DENIED as to Plaintiff's claims based on California Civil Code section 2923.7.

Defendant BANA's Motion to Dismiss is GRANTED in part and DENIED in part as to Plaintiff's claims under California Civil Code section 2924.12 and California Business and Professions Code section 17200 et seq., as discussed above.

IT IS SO ORDERED.

Dated: December 9, 2015

DEAN D. PREGERSON
United States District Judge