O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRIPHINA LESLEY, | ) | Case No. ED CV 15-01696 DDP (DTBx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | [Dkt. No. 39] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 39.) Based on the parties' submissions, the Court adopts the following Order.

**I. BACKGROUND**

The Court's prior two Orders on previous Motions to Dismiss detail the essential facts of this case. (See Dkt. Nos. 21, 31.) In summary, BANA began foreclosure on Plaintiff's home on February 13, 2013. Previously, Plaintiff had defaulted on her mortgage with BANA in 2011, then allegedly entered into a "Permanent Loan Modification Agreement" with BANA in 2012; Plaintiff also defaulted on this modified loan in 2012. (See Order, Dkt. No. 31.) Then,

Plaintiff declared bankruptcy in 2012, discharging her personal debt. (Id.)

According to Plaintiff's Second Amended Complaint ("SAC"), the following new facts are pleaded in response to the Court's prior Order, which dismissed a cause of action under California Civil Code § 2923.6 (dual tracking) for failure to state a claim. The SAC adds:

> 28. In or around January of 2013, Plaintiff requested that she be reviewed for a loan modification when she submitted a complete loan modification agreement. To this end, Plaintiff prepared and submitted a complete loan modification agreement. In 2013, Plaintiff had a material change in the borrower's financial circumstances since the date she entered submitted [sic] a previous modification application in 2011, for since that time, Plaintiff had filed for bankruptcy in 2012, resulting in a discharge of vast amount of financial debt by the end of 2012. However, Defendant[] responded [b]y placing Plaintiff's loan modification application in review. To date, Defendant[] ha[s] not made a written determination that the Plaintiff is not eligible for a first lien loan modification, and as such, [is] in violation of California Civil Code section 2923.6.
>
> 29. Plaintiff's complete loan modification application included a Hardship Letter, Income Sources, Recent Taxes, Recent Utility Bill, Recent 2 years of business & Personal Taxes, 4506T Form, Home Owners Insurance, Property Tax Bill, and Recent Mortgage Statements.
>
> 30. On January 21, 2013, Plaintiff sent a letter to Bank of America with the following contained within that letter:
>
> > "This letter is to provide a short explanation of personal issues surrounding becoming behind in the mortgage payments. I am a single mother and after my divorce, I was still responsible for extensive drowning credit card, loans, increase in gas/fuel prices and misc. debt. I attempted to pay the debt along with the mortgage, which became a continued failure. My savings were depleted due to necessary home plumbing repairs, high dollar cost medications for my son, and other misc. expenses that exceed my incoming income. Reluctantly, I was forced to file for a bankruptcy to free myself of this

2

> continued debt. When the bankruptcy was filed, I was also told that I had to return my vehicle as it was part of the bankruptcy. This vehicle was my only means of transportation to and from work a total of (120 mile commute daily), which also cause an unforeseen hardship. This left me with no options but to purchase a car cash, whereas public transportation was not an option. Without having cash on hand I was unable to purchase a car outright, and I was not able to due to the active bankruptcy filing. This forced me to have to rent a car, with rental fees for some peak months approx. $1400 until the bankruptcy was discharged. This also created a barrier for me to stay current with the mortgage payments. With the freedom of the mentioned debt, I am now able to focus on paying an affordable mortgage. I attempted to apply for the 'California Save you[r] Home Program,' for assistance, but did [not] meet the guidelines based on the bankruptcy."
>
> One of the many intentions of this letter was to put Bank of America on notice of the material change of financial condition following Plaintiff's bankruptcy. After her bankruptcy she no longer has the hardships and burdens described in her letter. Since then she has been married and has an additional income in her family. This information was communicated to BANA on multiple phone calls and to multiple individuals because Plaintiff did not have a single point of contact.

SAC ¶¶ 28-30. Plaintiff's SAC also alleges causes of action under California Civil Code section 2923.7 (failure to provide a single point of contact), declaratory relief based on these underlying claims, and unfair competition (UCL) based on these underlying claims.

BANA has now filed a Motion to Dismiss, arguing that all four causes of action fail to state a claim as alleged despite the new allegations alleged for the dual tracking cause of action and the Court's prior Order finding the other three causes of action sufficiently pleaded.

///

3

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556

U.S. at 678 (quoting Twombly, 550 U.S. at 556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

    **A.    Violation of California Civil Code § 2923.6**

    Under California Civil Code section 2923.6, because Plaintiff defaulted on a previous loan modification, Plaintiff is not guaranteed a review of later loan modification applications without "dual tracking," or the lender seeking concurrent foreclosure.  See Cal. Civ. Code § 2923.6(c)(3), (g).  However, subsection (g) provides a narrow exception where a borrower can obtain the benefits of the statutory prohibition on dual tracking even if the borrower has defaulted on a first loan modification — the borrower must document and submit to the mortgage servicer evidence of a material change in the borrower's financial circumstances since the previous application.  Id.

    The Court previously dismissed this cause of action with leave to amend, stating "absent some showing of material change in Plaintiff's financial circumstances since the previous application [the 2011 application that she subsequently defaulted on], Plaintiff does not have a cause of action under this section." (Order, Dkt. No. 31, at 5 (relying on Cal. Civ. Code § 2923.6(g)).) The Court stated that "what is missing in Plaintiff's FAC is an allegation that this bankruptcy actually caused a financial change,

5

an explanation of what that change is, and (most importantly) that this change was documented and sent to BANA with Plaintiff's completed loan application." (Id.)  The Court noted two deficiencies: (1) what kind of documentation was provided to BANA of Plaintiff's materially changed financial situation; and (2) when Plaintiff applied for the loan modification.  (Id. at 6.)

Now, as quoted above, Plaintiff's SAC fixes those deficiencies sufficiently for surviving a motion to dismiss, where all the well-pleaded allegations in the complaint are taken as true.  Plaintiff now states that she submitted the completed loan modification agreement "[i]n or around January of 2013" and that she sent a letter to BANA with an explanation of her changed financial circumstances on January 21, 2013.  (SAC ¶¶ 28, 30.)  This January 21, 2013 date puts the second loan modification application due to materially changed financial circumstances after the 2013 HBOR enactment and before the February 2013 foreclosure process initiated.  Taking these facts in the light most favorable to Plaintiff (as is required at the pleading stage), Plaintiff has satisfactorily pleaded that she sent BANA a completed loan modification application at the right time.

Plaintiff has also pleaded sufficient facts to show that she sent BANA a letter explaining a material change in her financial circumstances since her previous 2011 loan modification application. (Id. ¶¶ 29-30.)  Plaintiff included the letter, her income sources, taxes, bills, insurance, and other documents with her second loan modification application.  Her letter explained her problems that made her unable to pay the mortgage, her bankruptcy that discharged the debt that was causing those problems, and her

6

ability to pay the mortgage now that the bankruptcy was over. Plaintiff further alleges that she informed BANA over the phone that she gained additional income through her new marriage.

Plaintiff's allegations are sufficient at the pleading stage to state a claim because Plaintiff's letter explained the positive change in her financial status and was supported by additional documentation. See Rosenfeld v. Nationstar Mortgage, LLC, No. 2:13-cv-04830-CAS-CWx, 2014 WL 457920, at *4 (C.D. Cal. Feb. 3, 2014) (holding that a plaintiff's letter regarding elimination of credit card debt along with complete loan modification application was sufficient to overcome a motion to dismiss); cf. Ware v. Bayview Loan Servs., No. 13-CV-1310 JLS (NLS), 2013 WL 6247236, at *5-6 (S.D. Cal. Oct. 29, 2013) (finding a "barebones" letter without details or supporting documentation, which stated that the "borrowers' financial circumstances have materially changed as their income and expenses have changed since they last submitted an application . . . . the borrowers' routine expenses have increased which is a material change of circumstance," was insufficient to survive motion to dismiss). Therefore, the Motion to Dismiss is denied as to this cause of action.

**B.  Violation of California Civil Code § 2923.7**

The Court previously held that Plaintiff stated a claim as to BANA's actions post-January 1, 2013 in regards to Plaintiff lacking a single point of contact at BANA in dealing with her attempts to modify her loan. (Order, Dkt. No. 31, at 7-8 (citing Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 999-1000 (N.D. Cal. 2014).)  Defendant repeats its arguments as to this cause of action

7

in this Motion. (Mot. Dismiss at 11-13.) Therefore, the Motion to Dismiss is denied as to this cause of action.

### C. Declaratory Relief and UCL Violation

The Court previously determined that these causes of action could go forward based on the underlying controversy regarding a violation of section 2923.7; now, the declaratory relief cause of action can go forward based on section 2923.6 as well.

For the UCL claim, Defendant argues that Plaintiff lacks standing to bring this claim, citing Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 523 (2013) overruled on other grounds, Yvanova v. New Century Mortgage, 62 Cal. 4th 919, 199 Cal. Rptr. 3d 66, 79 (2016). Jenkins involved a plaintiff who had not yet lost her home to foreclosure, and who had not alleged any unlawful, unfair, or fraudulent conduct by the defendant that occurred before her default, making the foreclosure lawful and not caused by the acts alleged to be in violation of the UCL. Id.

Here, Plaintiff alleges that the failure to consider her complete loan modification application in January 2013 before the foreclosure initiated in February 2013 was unlawful — a violation of the UCL — and caused her harm: the now-pending foreclosure sale. Therefore, while it would be proper to put Plaintiff in foreclosure proceedings after her default in 2012, her completed loan modification application and changed financial circumstances in January 2013 made such foreclosure allegedly unlawful without first responding to the application. Therefore, the holding in Jenkins does not suggest to this Court that Plaintiff lacks standing to assert a UCL claim.

The Motion to Dismiss is denied as to both of these causes of action with the underlying controversies based on both California Civil Code section 2923.6 and 2923.7.

**IV. CONCLUSION**

For all the reasons discussed above, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: March 28, 2016

                                          DEAN D. PREGERSON
                                          United States District Judge